**BUCH EXPRESS, Inc.,**
v.
**The UNITED STATES.**
No. 254–55.

United States Court of Claims.
Nov. 7, 1956.

Samuel W. Earnshaw, Washington, D. C., for plaintiff.

Lino A. Graglia, New York City, with whom was Asst. Atty. Gen. George Cochran Doub, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LARAMORE, Judge.

Plaintiff, a motor carrier, brings this action to recover transportation charges for certain shipments of radar equipment based on the rate applicable to "scientific instruments."

The facts involved in the instant case are identical in all material respects with the case of Buch Express, Inc. v. United States, 132 F.Supp. 473, 132 Ct. Cl. 772.

Both cases arise out of shipments of "AN/TPL–1" radar sets made by the Department of the Army in 1945, from Lake Success, New York, to Baltimore, Maryland, and carried by plaintiff's predecessor. Both cases concern the proper transportation charge for these shipments. Plaintiff contends for double the first-class rate and the Government contends for the first-class rate. The factual background of these shipments was presented and argued in the former case and will not be related here.

In the former case, this court held the first-class rate applicable to radio was the proper charge to be made on the shipments in question and denied recovery by plaintiff.

Plaintiff, first in its motion for a new trial and later in its motion for reconsideration and briefs in support thereof, attempted to persuade the court that "newly discovered evidence" would alter the decision in the former case. However, the contention was rejected by the court. Now plaintiff says in the present case if it be granted the right to present additional evidence it will establish factors which distinguish it from radio and thus show entitlement to double the first-class rate.

The defendant has, in this case, filed a motion for summary judgment alleging that all facts and issues involved in this case were finally determined by the plaintiff in the prior suit between the same parties and on the same subject matter and that defendant is entitled to judgment as a matter of law.

The Government in its brief argues that no reason appears why the particular shipments involved in the present petition were not included in the former petition so that the entire transaction could have been finally disposed of at one time, and therefore the doctrine of *res judicata* and collateral estoppel apply.

The Supreme Court in Commissioner v. Sunnen, 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898, stated:

" * * * The general rule of *res judicata* applies to repetitious suits involving the same cause of action. It rests upon considerations of economy of judicial time and public policy favoring the establishment of certainty in legal relations. The rule provides that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound 'not only as to every matter which was offered and received to sustain or defeat the claim or demand, *but as to any other admissible matter which might have been offered for that purpose.*' Cromwell v. County of Sac, 94 U.S. 351, 352, 24 L.Ed. 195. The judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment. See von Moschzisker, 'Res Judicata,' 38 Yale L.J. 299; Restatement of the Law of Judgments, §§ 47, 48." [Italics supplied.]

Plaintiff in this case is merely seeking to introduce additional evidence which "might have been offered for that purpose" in the former case. The doctrine of *res judicata* is designed to prevent the relitigation of any matters which were or could have been litigated in the first instance. The reasoning that the matters involved in the instant case are identical to the matters involved in the former case is further strengthened by the words in plaintiff's Motion For Waiver of Printing Petition pending outcome of the former action. Plaintiff, in this motion, stated:

"The present petition is filed to stay the running of the statute of limitations on shipments of Radar, Radar Equipment, and related materials, moving in interstate commerce over Plaintiff's line during the year 1945. These are similar to the shipments involved in No. 49294, which were of the same commodity and constituted part of the same movement. Since the issue of liability in the case at bar is closely related to the issue of liability in No. 49294, it would be in the interests of all parties to suspend further proceedings herein pending final decision in No. 49294."

Thus it is clear that the issues in this case and all related matters were, or could have been, fully litigated and determined in the former case, and plaintiff is precluded from recovery by the doctrine of *res judicata*.

Assuming that these shipments were a different cause of action, the plaintiff cannot recover because of collateral estoppel. Commissioner v. Sunnen, supra; Southern Pacific Railroad Company v. United States, 168 U.S. 1, 48–49, 18 S.Ct. 18, 42 L.Ed. 355.

Defendant's motion for summary judgment is granted, and plaintiff's petition is dismissed.

It is so ordered.

JONES, Chief Judge, and MADDEN, and WHITAKER, Judges, concur.

LITTLETON, Judge, dissents.